[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
THE COURT: This is a Memorandum of Decision on the Defendant's Motion for Summary Judgment dated September 17, 1991. We are publishing this decision as a bench decision in view of fact that Counsel have been waiting for a decision and we have been unable, because of lack of support internally, to get this matter out.
In this litigation, as revealed by the pleadings, the parties agree to the following facts. Helen E. Lizauskas, the Plaintiff, is the widow of Adam M. Lizauskas, Sr., who died intestate, September 20, 1983 in Woodbury, Connecticut. Mr. Lizauskas' estate is still pending in the Probate Court for the District of Woodbury. Thomas J. Lizauskas and Edward J. Duffy, Jr. have been named the estate's administrators. The Woodbury Probate Court by decree dated September 2, 1988 has awarded Mrs. Lizauskas a monthly support allowance, payable until the settlement of her late husband's estate, but nothing has been paid to her pursuant to that award. Record, Complaint dated April 16, 1991 paragraph 1-6; Answer dated August 5, 1997.
Mrs. Lizauskas now brings this application for wind-up of the affairs of Lizbro, Inc., a Connecticut corporation, and in this complaint she alleges that there has been "fraud, collusion, or gross mismanagement in the conduct of the corporation." She also avers that such a corporate wind-up is necessary for the protection of the rights of the plaintiff. Record, Complaint dated April 16, 1991 paragraphs 11-12. The plaintiff also complains that under Connecticut law, section 45-273a of our statutes, she, as the surviving widow, "has a vested interest in the first, fifty thousand dollars of the estate plus one half of the balance of the estate," Id. paragraph 7 and that the inventory of her late husband's estate, filed with the probate court "reports ownership of at least, 580 shares of Lizbro, Inc. stock at a total value of $145,788.80 and the remaining assets of a value of $9,956.25" Id. Finally, Mrs. Lizauskas states in her complaint that 580 shares presently in the estate "represent more than ten percent of the outstanding shares of Lizbro, Inc." CT Page 862
The corporate defendant has brought this Motion for summary judgment dated September 17, 1991 and contends that since Mrs. Lizauskas is not a stockholder of the corporation, she does not have legal standing under section 33-382(b) of our statutes to present this application for wind-up. In support, of this motion, the corporation has filed the affidavit dated September 17, 1991 of Edward Lizauskas. He states in that, document that he is the president of the corporation and its majority shareholder, but that Helen E. Lizauskas "is not the registered owner of any shares of stock in Lizbro, Inc. Affidavit dated September 17, 1991, of Edward Lizauskas. In her counter-affidavit dated October 15, 1991, Mrs. Lizauskas states, in part, that she is the beneficial holder of at least Ten percent of the shares of Lizbro, Inc. and as high at (sic) Twenty-Five percent." Affidavit In Opposition To Defendant's Motion for Summary Judgment dated October 15, 1991.
In the pleadings, and briefs the parties have framed the issue presented by this Motion for Summary Judgment to be whether Mrs. Lizauskas is a statutory holder "of at least ten percent of the outstanding shares within the meaning of section 33-382 (b) to have the necessary standing to file this application for corporate wind-up. In her brief, without any supporting authority, Mrs. Lizauskas argues that, she has set forth sufficient facts in her complaint that would legally and equitably establish that she is a "holder" of more than ten percent of the shares of stock in Lizbro, Inc." Plaintiff's Memorandum In Opposition to Defendant's Motion For Summary Judgment dated October 16, 1991 at 3. Additionally, she suggests that the factual question presented here is whether she is an equitable owner and therefore entitled to the protection of the Courts Id. at 4.
Upon the death of Adam M. Lizauskas, title to stock in the Defendant-corporation, Lizbro Inc., vested as personalty in the administrators of his estate. Austin vs the Housing Authority 143 Connecticut 338, 345 (1956). Since Mr. Lizauskas died intestate, his surviving spouse, the plaintiff here, has a legal right to a portion of his estate as set forth in section 45a-437, not section 45-237a (recodified as section 45a-436), CT Page 863 as she alleges. However, until the administrators actually distribute to Mrs. Lizauskas her share of the estate, we are aware of no authority, nor has she furnished us with any such legal authority to permit her at this time to be deemed the "holder" intended by section 33-382(b) which is further defined in section 33-384 to mean a "shareholder." Although we could not discover a statutory definition of "shareholder", this record clearly establishes that Mrs. Lizauskas is not presently in fact a "shareholder."[1] While it is possible that she may become such a stockholder upon distribution of her late husband's estate, we think that her present legal relationship to the estate is too nugatory and problematical to confer upon her legal standing to file this petition for corporate wind-up of Lizbro, Inc. See Wilhelm, Connecticut Estate Practice: Settlement of Estates, section 19 and 20. Therefore, we grant the defendant's Motion for Summary Judgment.
An order may enter accordingly.
WILLIAM P. MURRAY, JUDGE.